IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 1:10-CV-240 |
| v. | § | |
| | § | JUDGE RON CLARK |
| SS CAPTAIN H.A. DOWNING (O.N. 1046031), its boilers, engines, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, bunkers, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, etc. in rem, | § | |
| Defendant. | § | |

**ORDER CONFIRMING SALE AND ORDER OF RELEASE OF VESSEL**

The sales of the Defendant vessel took place on August 9, 2011. On August 25, 2011, the United States Marshal filed with the court the report required by Local Admiralty Rule (e)(13)(e), setting forth the fact of sale; the date of the sale; the names, addresses, and bid amounts of the bidders; and the price obtained for the vessel. Doc. #56. The Marshal's report indicates that the vessel—the SS Captain H.A. Downing, Official Number 1046031—was purchased by Esco Marine, Inc. for a winning bid of $3,300,000.00.

More than three business days have elapsed since the date of the sale, and no written objections have been filed to the sale pursuant to Local Admiralty Rule (e)(13)(f). Accordingly, the court hereby confirms the sale pursuant to Local Admiralty Rule (e)(13)(g), and orders that the vessel be released. The Clerk is directed to enter a Certificate of Confirmation for the vessel.

IT IS THEREFORE ORDERED that the United States's Motion for Confirmation of Sale [Doc. # 57] is GRANTED.[1] The sale is CONFIRMED, and the Clerk is directed to enter a Certificate of Confirmation for the sale of the vessel. United States Marshal shall transfer title of the vessel to the Purchaser, and release the vessel from arrest. The Substitute Custodian shall thereafter release the vessel from its custody.

So **ORDERED** and **SIGNED** this **30** day of **August, 2011.**

_____
Ron Clark, United States District Judge

---

[1] The motion was inexplicably made *ex parte*. No reason is given for the *ex parte* nature of the motion, the motion was served on a number of other parties, and the sale was open to the public. Neither the Federal nor Local Rules seem to contemplate the need for an *ex parte* motion for confirmation of a sale. The court will therefore not enter the Order *ex parte*.